UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| YOLANDA MENDEZ, | CASE NO: 12-CV-02457-W |
|---|---|
| Plaintiff, | ORDER GRANTING IN-PART AND DENYING IN-PART DEFENDANT'S MOTION TO DISMISS [DOC. 4] |
| v. | |
| WELLS FARGO HOME MORTGAGE, | |
| Defendant. | |

Pending before the Court is Defendant Wells Fargo Home Mortgage's motion to dismiss the Complaint. Plaintiff Yolanda Mendez opposes.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN-PART** and **DENIES IN-PART** Wells Fargo's motion [Doc. 4].

I. BACKGROUND

On or about November 2, 2010, Wells Fargo Home Mortgage loaned $97,844.00 to Plaintiff Yolanda Mendez to finance her purchase of real property located at 260

Morongo Drive, Imperial, California (the "Property"). (*Compl.*, ¶¶ 6, 26, Ex. A.[1]) The loan is secured by a deed of trust that encumbers the Property. (*Id.* Ex. A.)

According to the Complaint, the Fair Housing Administration ("FHA") insures the loan. (*Compl.* ¶¶ 7, 11, 15, 26.) Yolanda alleges the FHA required the terms of the loan to conform to various FHA requirements. (*Id.* ¶ 7.) Specifically, the FHA promulgated "Additional Closing Conditions," dictating that the loan payment would not exceed $725.24. (*Id.* ¶ 7.) In addition, Yolanda asserts Wells Fargo represented that her initial monthly installments would not exceed $704.95. (*Id.* ¶¶ 8, 11.)

On or about September 25, 2011, nearly a year after the loan was entered, Wells Fargo notified Yolanda that a review of her escrow account revealed she owed an additional $2,047.17. (*Compl.* ¶ 17.) Wells Fargo claims the taxes assessed against the Property were higher than Wells Fargo originally estimated. (*MTD* pp. 3, 7.) Wells Fargo, therefore, asked Yolanda to choose between three new monthly payment plans, all for higher amounts than Yolanda's initial monthly payment plan, in order to cover the outstanding balance. (*Compl.* ¶ 10.)

On September 6, 2012, Yolanda sued Wells Fargo in the Imperial County Superior Court. Wells Fargo subsequently removed the action to this Court.

The Complaint alleges the FHA Closing Conditions and Wells Fargo's representations induced Yolanda to enter the transaction. (*Compl.* ¶ 12.) The Complaint further alleges Wells Fargo ignored those conditions and representations by later demanding Yolanda pay higher monthly amounts than initially required. (*Id.* ¶¶ 9–13.) The Complaint contains claims for: (1) Intentional Misrepresentation; (2) Negligence; (3) Breach of Contract; (4) Breach of Fiduciary Duty; (5) Reformation Based on Mistake; (6) Declaratory Relief; (7) Accounting; and (8) Injunctive Relief. (*See id.*) Wells Fargo now seeks to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

---

[1] The Complaint is attached to Defendant's Notice of Removal [Doc. 1], as Ex. A.

## II. LEGAL STANDARD

If a cause of action fails to state a claim upon which relief can be granted, the Court must dismiss that cause of action. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). A complaint may be dismissed as a matter of law for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

As explained by the Supreme Court, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. However, when determining whether to dismiss a complaint, a Court must consider all material allegations in the complaint, "even if doubtful in fact," as true. Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007). The Court must also construe the material allegations "in the light most favorable to the non-moving party." Id.

## III. DISCUSSION

### A. Plaintiff withdrew the breach of contract and breach of fiduciary duty claims.

In her opposition, Yolanda agreed to withdraw her breach of contract and breach of fiduciary duty claims. Accordingly, the Court **GRANTS** Wells Fargo's motion to dismiss these claims.

### B. The intentional misrepresentation claim lacks specificity.

The Complaint asserts that in order to induce Yolanda to enter the loan, Wells Fargo intentionally misrepresented the amount of her monthly payments. (*Compl.* ¶ 12.) Wells Fargo contends this claim for intentional misrepresentation lacks sufficient specificity. The Court agrees.

To establish a claim for intentional misrepresentation under California law, a plaintiff must allege facts demonstrating "(1) [M]isrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." See Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (2011) (quoting (City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 481–82 (1998)). Misrepresentation is a type of fraud. See, e.g., Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004); Michael J. v. L.A. Cnty. Dept. of Adoptions, 201 Cal. App. 3d 859, 867 (1988). Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." See Fed R. Civ. P. 9(b).

Moreover, where a plaintiff accuses a corporation of fraud, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarman v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991) (citing Archuleta v. Grand Lodge of In'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 262 Cal. App. 2d 202, 208–09 (1968); Gautier v. Gen. Tel. Co., 234 Cal. App. 2d 302, 308 (1965); Mason v. Drug, Inc., (1939) 31 Cal. App. 2d 697, 703, 88 P.2d 929 (1939); Sanders v. Ford Motor Co., 96 Cal. App. 3d Supp. 43, 46 (1979)).

Here, the Complaint clearly identifies the misrepresentation. The Complaint contends Wells Fargo misrepresented that Yolanda's monthly payments would not exceed the FHA's $725.24 limit. (*See Compl.* ¶¶ 7–8.) However, the Complaint's allegation regarding the misrepresentation's source is too general. The Complaint simply alleges the misrepresentation appears in Wells Fargo "documentation." In light of Federal Rule of Civil Procedure 9's specificity requirement, the Court believes the Complaint must provide more specificity concerning the misrepresentation's source.

However, the Complaint need not plead specific facts regarding Wells Fargo's intentions regarding those documents, as Federal Rule of Civil Procedure 9 allows a plaintiff to plead malice, intent, or knowledge generally. Additionally, Yolanda's opposition includes numerous factual allegations that are not included in the Complaint and that appear to support the intentional misrepresentation claim. Although those facts cannot be considered in evaluating whether the Complaint is sufficiently pled, see Broam v. Bogan, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003), such allegations warrant granting Yolanda an opportunity to amend the claim. Accordingly, the Court **DISMISSES** the intentional misrepresentation claim with leave to amend.

### C.     The negligence claim is sufficiently pled.

The Complaint claims Wells Fargo was negligent in informing her that she would not need to pay monthly amounts higher than $705.95 or $725.24 (*See Compl.* ¶¶ 15–16.) Wells Fargo attacks this claim arguing it did not owe Yolanda a duty of care. At this stage of the litigation, the Court is not persuaded by Wells Fargo's argument.

To state a negligence claim, a plaintiff must allege "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913, 917 (1996) (quoting Evan F. v. Hughson United Methodist Church, 8 Cal. App. 4th 828, 834 (1992)). A lender and a borrower ordinarily operate at arms length. Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872, 898 (2013) (citing Oaks Mgmt. Corp. v.

1  Super. Ct., 145 Cal. App. 4th 453, 466–67 (2006)).  Consequently, California courts
2  have held that "as a general rule, a financial institution owes no duty of care to a
3  borrower when the institution's involvement in the loan transaction does not exceed
4  the scope of its conventional role as a mere lender of money."  Das v. Bank of Am.,
5  N.A., 186 Cal. App. 4th 727, 740 (2010) (quoting Nymark v. Heart Fed. Sav. & Loan
6  Ass'n, 231 Cal. App. 3d 1089, 1096 (1991)).  See also, Wagner v. Benson, 101 Cal.
7  App. 3d 27, 35 (1980) ("Liability to a borrower for negligence arises only when the
8  lender 'actively participates' in the financed enterprise 'beyond the domain of the usual
9  money lender.'") (quoting and citing Connor v. Great W. Sav. & Loan Ass'n, 69 Cal.
10 2d 850, 864 (1968); Bradler v. Craig, 274 Cal. App. 2d 466, 476 (1969); Kinner v.
11 World Sav. & Loan Ass'n, 57 Cal. App. 3d 724, 734 (1976)).

12      Wells Fargo's motion relies on the general rule that a "financial institution owes
13 no duty of care to a borrower when the institution's involvement in the loan transaction
14 does not exceed the scope of its conventional role as a mere lender of money."  Das v.
15 Bank of America N.A., 186 Cal. App. 4th 727, 740 (2010).  However, a duty may arise
16 under "special circumstances."  Id.

17      According to the Complaint, Yolanda's loan was subject to FHA Additional
18 Closing Conditions, which specifically state "LENDER TO VERIFY FINAL
19 MONTHLY PAYMENT FOR SUBJECT PROPERTY DOES NOT EXCEED $725.24,
20 INCLUDING HOA FEES, ALL INSURANCES AND IMPROVED TAXES."
21 (*Compl.*, ¶ 7.)  Notably, none of the cases Wells Fargo cited in its motion appear to
22 involve FHA loans, and none of the cases evaluate whether the FHA's Additional
23 Closing Conditions modify the traditional relationship, at least to the extent of verifying
24 that the final monthly payment does not exceed the specified payment.  And because
25 on a motion to dismiss all reasonable inferences must be drawn in favor of the plaintiff,
26
27
28

the Court finds that the Complaint's allegations are sufficient to satisfy the duty element for a negligence claim.[2]

### D.  The reformation claim is sufficiently pled.

The Complaint requests the Court reform the existing loan. (*Compl.* ¶¶ 32-36.) Wells Fargo argues that the Complaint fails to plead sufficient facts demonstrating the parties' original intent differed from the Deed of Trust's terms. (*MTD* 7.)  The Court disagrees.

California Civil Code section 3399 states:

> [w]hen, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention.

The "intention of the parties" refers to a single intention that both parties entertain. Jolley, 213 Cal. App. 4th at 908 (citing Shupe v. Nelson, 254 Cal. App. 2d 693, 700 (1967)).  "The essential purpose of reformation is to reflect the intent of the parties." Jolley, 213 Cal. App. 4th at 908 (quoting Jones v. First Am. Title Ins. Co., 107 Cal. App. 4th 381, 389 (2003)).  However, "[a]lthough a court of equity may revise a written instrument to make it conform to the real agreement, it has no power to make a new contract for the parties . . . ." Am. Home Ins. Co. v. Travelers Indem. Co., 122 Cal. App. 3d 951, 963 (1981).

Here, the Complaint specifically alleged the parties intended for Yolanda's initial monthly payments to be $704.95 a month, and never to exceed $725.24. (*Compl.* ¶¶ 8, 32.)  In support of this contention, Yolanda cites the FHA closing condition that states "lender to verify final monthly payment for subject property does not exceed $725.24, including HOA fees, all insurances and improved taxes." (*Id.* ¶ 7.) Reading

---

[2] To the extent Wells Fargo is aware of case law holding that the FHA closing conditions do not create a duty on the lender's part, Wells Fargo is free to raise the issue in a subsequent motion.

all reasonable inferences in favor of Yolanda, this demonstrates the parties' intention that her monthly payment would not exceed $725.24.

Additionally, the Complaint alleges that almost a year after the loan closed, Wells Fargo attempted to increase Yolanda's monthly payments beyond $725.24 to account for its mistake regarding tax liability, arguing the Deed of Trust's terms allowed such an increase. (*See Compl.* ¶¶ 6, 10–11; *MTD* 7.) Reading the facts in favor of Yolanda, the allegations support the inference that to the extent the Deed of Trust allows for monthly payments beyond $725.24, the Deed of Trust fails to express the parties' original intentions.

### E. The declaratory relief claim is sufficiently pled.

Wells Fargo argues that Yolanda's declaratory relief claim should be dismissed. The Court disagrees.

A federal district court may provide declaratory relief for parties where an actual controversy exists between parties. 29 U.S.C. § 2201(a); Garcia v. Brownell, 236 F.2d 356, 357–58 (9th Cir. 1959). Declaratory relief's actual controversy requirement is the same as the case or controversy requirement of Article III of the United States Constitution. Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–40 (1937)). "A justiciable case or controversy exists if a declaration would affect substantive legal rights of the parties." Mason v. Genisco Tech. Corp., 960 F.2d 849, 853 (9th Cir. 1992) (citing Hillblom v. United States, 896 F.2d 426, 430 (9th Cir. 1990)). An actual controversy differs from a "dispute of a hypothetical or abstract character; [or] from one that is academic or moot." Hillblom, 896 F.2d at 430 (citing Aetna Life Ins. Co., 300 U.S. at 240–41). A court may not issue a merely advisory opinion. Hillblom, 896 F.2d at 430 (citing United Pub. Workers v. Mitchell, 330 U.S. 75, 89 (1947)).

Here, the Court finds an actual controversy exists between the parties. Yolanda contends her monthly payments should not exceed $725.24. (*Compl.* ¶¶ 32–39.) Wells Fargo responds that Yolanda's monthly payments should reflect higher amounts due to specially assessed taxes. (*MTD* 8.) Wells Fargo cites the Deed of Trust's terms for support. (*Id.*) Yolanda argues the Deed of Trust's terms do not reflect the parties' true original intentions. (*Compl.* ¶¶ 32–36.) Thus, an actual controversy exists between the parties. The controversy is not hypothetical, abstract, academic, or moot.

Wells Fargo argues Yolanda impermissibly requests the Court to redress past wrongs rather than determine the parties' future rights and duties. (*MTD* 9.) However, a judicial determination of whether Yolanda must pay Wells Fargo sums greater than $704.95 or $725.24 to cover specially assessed taxes necessarily involves the parties' future rights and duties. Moreover, Wells Fargo cites no authority precluding the Court from redressing wrongs such as this. Wells Fargo's remaining contentions regarding declaratory relief also lack merit.

### F. The accounting claim is insufficiently plead.

Yolanda asks this Court to perform an accounting to determine the amount of money she owes Wells Fargo. (*Compl.* ¶¶ 40–41.) Under California law, a plaintiff may assert a claim for accounting if a fiduciary relationship between the plaintiff and defendant exists, or if "'the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.'" Wolf v. Super. Ct., 106 Cal. App. 4th 625, 34–35 (2003); Civic W. Corp. v. Zila Indus. Inc., 66 Cal. App. 3d 1, 14 (1977) (quoting 3 Witkin, Cal. Proc. 2d (1971) Plead, § 674, p. 2300-01).

Wells Fargo argues Yolanda's accounting claim must fail because Yolanda does not allege that a fiduciary duty exists, or allege the accounts are so complicated that the Court must perform an accounting. The Court agrees.

Yolanda's claim for accounting does not expressly allege a fiduciary relationship exists between the parties. (*Compl.* ¶¶ 40–41.) Additionally, in defending her accounting

claim, Yolanda's opposition fails to describe any fiduciary relationship that might exist between the parties, and Yolanda's opposition withdrew her claim for breach of fiduciary duty. (*Opp'n* 11–12.) Accordingly, the Court finds the allegations in the Complaint insufficient to justify an accounting based on the existence of a fiduciary duty.

Further, Yolanda does not contend "the accounts are so complicated" that the court must perform an accounting. See Civic W. Corp., 66 Cal. App. 3d at 14. (*See Compl.* ¶ 40–41.) Yolanda states that she does not know the amount of money she owes to Wells Fargo. (*Id.* ¶ 41.) Not knowing the amount of money owed does not mean the "accounts are so complicated" that the Court must perform an accounting. Moreover, Yolanda does not allege the complexity of the accounts would render "an ordinary legal action demanding a fixed sum impracticable." See Civic W. Corp., 66 Cal. App. 3d at 14. Yolanda does not assert that any judgments regarding her other claims would unsatisfactorily decide the true accounts owed. Therefore, the Court finds Yolanda's Complaint lacks sufficient allegations to state a claim for accounting. The Court **GRANTS** Wells Fargo's Motion to dismiss Yolanda's accounting claim with leave to amend.

### G. The Complaint does not state a claim for injunctive relief.

Yolanda's Complaint alleges a claim for injunctive relief. Wells Fargo argues the injunctive relief claim must fail because injunctive relief is a remedy, not a claim. (*MTD* 10.) The Court agrees with Wells Fargo.

"'Injunctive relief is a remedy, not a claim.'" Guessous v. Chrome Hearts, LLC, 179 Cal. App. 4th 1177, 1187 (2009) (quoting City of S. Pasadena v. Dep't of Transp., 29 Cal. App. 4th 1280, 1293 (1994)). Yolanda's opposition cites no authority indicating she may plead injunctive relief as a claim. Thus, to the extent Yolanda's Complaint alleges injunctive relief as a claim, the Court **GRANTS** Wells Fargo's motion to dismiss. However, this ruling does not preclude Yolanda from amending the Complaint to plead injunctive relief as a remedy.

IV. CONCLUSION

In light of the foregoing, the Court **GRANTS IN-PART** and **DENIES IN-PART** Wells Fargo's motion to dismiss [Doc. 4] and **ORDERS** as follows:

1. The breach of contract claim is **DISMISSED**.
2. The breach of fiduciary duty claim is **DISMISSED**.
3. The intentional misrepresentation claim is **DISMISSED WITH LEAVE TO AMEND**.
4. The accounting claim is **DISMISSED WITH LEAVE TO AMEND**.
5. The injunctive relief claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

**DATE: April 25, 2013**

_____
Hon. Thomas J. Whelan
United States District Judge