UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| YOLANDA MENDEZ, | CASE NO: 12-CV-02457-W |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DOC. 15] |
| v. | |
| WELLS FARGO HOME MORTGAGE, | |
| Defendant. | |

Pending before the Court is Defendant Wells Fargo Home Mortgage's ("Wells Fargo") motion to dismiss the First Amended Complaint ("FAC"). Plaintiff Yolanda Mendez opposes.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **DENIES** Wells Fargo's motion [Doc. 15].

I.  BACKGROUND

On or about November 2, 2010, Defendant Wells Fargo Home Mortgage loaned $97,844.00 to Plaintiff Yolanda Mendez to finance her purchase of real property located

at 260 Morongo Drive, Imperial, California (the "Property"). (*FAC* [Doc. 14], ¶¶ 6-7.) The loan is secured by a deed of trust that encumbers the Property. (*Id.*)

The Fair Housing Administration ("FHA") insures the loan. (*FAC*, ¶¶ 7, 15, 22.) Yolanda alleges the FHA required the terms of the loan to conform to various FHA requirements. (*Id.*, ¶ 7.) Specifically, the FHA promulgated "Additional Closing Conditions," dictating that the loan payment would not exceed $725.24. (*Id.*, ¶ 7.) Yolanda asserts Wells Fargo represented that her initial monthly installments would not exceed $704.95. (*Id.*, ¶¶ 12, 15.)

On or about September 25, 2011, nearly a year after the loan was entered, Wells Fargo notified Yolanda that a review of her escrow account revealed she owed an additional $2,047.17. (*FAC*, ¶ 24.) Wells Fargo claims the taxes assessed against the Property were higher than Wells Fargo originally estimated. (*MTD* [Doc. 15] pp. 3, 8.) Wells Fargo, therefore, asked Yolanda to choose between three new monthly payment plans, all for higher amounts than Yolanda's initial monthly payment plan, in order to cover the outstanding balance. (*FAC*, ¶ 14.)

On September 6, 2012, Yolanda sued Wells Fargo in the Imperial County Superior Court. Wells Fargo subsequently removed the action to this Court, and filed a motion to dismiss the Complaint. On April, 25, 2013, this Court granted in part and denied in part the motion. (*See Dismissal Order* [Doc. 13].) The motion was denied with respect to Yolanda's claims for negligence, reformation and declaratory relief. The motion was granted without leave to amend as to the injunctive relief claim, but denied with leave to amend as to the claims for intentional misrepresentation and an accounting.

On May 10, 2013, Yolanda filed the FAC and asserted claims for (1) Intentional Misrepresentation; (2) Negligence; (3) Reformation Based on Mistake; (4) Declaratory Relief; and (5) Accounting. Wells Fargo now seeks again to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

If a cause of action fails to state a claim upon which relief can be granted, the Court must dismiss that cause of action. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). A complaint may be dismissed as a matter of law for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

As explained by the Supreme Court, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. However, when determining whether to dismiss a complaint, a Court must consider all material allegations in the complaint, "even if doubtful in fact," as true. Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007). The Court must also construe the material allegations "in the light most favorable to the non-moving party." Id.

## III. DISCUSSION

### A. The negligence, reformation and declaratory relief claims are sufficiently pled.

The FAC alleges claims for negligence, reformation and declaratory relief. Wells Fargo challenged these claims in the motion to dismiss the original complaint on the same grounds raised in the current motion. Accordingly, for the reasons stated in the previous order, the Court finds these claims are sufficiently pled.

**B.     The intentional misrepresentation claim is sufficiently pled.**

The FAC asserts that in order to induce Yolanda to enter the loan, Wells Fargo intentionally misrepresented the amount of her monthly payments. (*FAC* ¶ 16.) Wells Fargo contends this claim is insufficiently pled and the relationship between the two parties is fundamentally contractual. (*MTD* p. 2.)  The Court disagrees.

To establish a claim for intentional misrepresentation under California law, a plaintiff must allege facts demonstrating "(1) [M]isrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." See Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (2011) (quoting (City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 481–82 (1998)).  Misrepresentation is a type of fraud. See, e.g., Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004); Michael J. v. L.A. Cnty. Dept. of Adoptions, 201 Cal. App. 3d 859, 867 (1988). Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." See Fed. R. Civ. P. 9(b).  Where a plaintiff accuses a corporation of fraud, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarman v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991) (citing Archuleta v. Grand Lodge of In'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 262 Cal. App. 2d 202, 208-09 (1968); Gautier v. Gen. Tel. Co., 234 Cal. App. 2d 302, 308 (1965); Mason v. Drug, Inc., (1939) 31 Cal. App. 2d 697, 703, 88 P.2d 929 (1939); Sanders v. Ford Motor Co., 96 Cal. App. 3d Supp. 43, 46 (1979)).

Here, the FAC clearly identifies the misrepresentation.  Yolanda alleges Wells Fargo misrepresented that her monthly payments would not exceed the FHA's $725.24 limit.  (*See FAC*, ¶¶ 7, 12.)  Additionally, the FAC clearly specifies the

misrepresentation's source as Caleb Berry, the Wells Fargo loan officer with whom Yolanda worked with on her loan. (*Id.*, ¶ 9.) She properly states the circumstances constituting the fraud by explaining that Caleb Berry had easy access to loan and escrow documents that would have shown the actual and correct amount of taxes. (*Id.*) When she specifically raised a concern about the monthly payment calculation and stressed the importance of having her monthly payment within the FHA guidelines to Caleb Berry, he assured Yolanda that the calculations were correct and her monthly payment would not exceed $725.24 monthly. (*Id.*, ¶ 12.) If Caleb Berry had been unsure about the correct amount Yolanda would owe, he had the means to confirm the amounts. Further, he could have mentioned he was unclear what the total estimate would include.

As the Court previously stated in the Dismissal Order, the complaint need not plead specific facts regarding Wells Fargo's intentions regarding the misrepresentation, as Federal Rule of Civil Procedure 9 allows a plaintiff to plead malice, intent, or knowledge generally. Based on the fact alleged in the FAC, the Court finds that Yolanda has sufficiently alleged Wells Fargo acted with reckless disregard and intentionally induced her to rely on its misrepresentations. Accordingly, the FAC's allegations are sufficient to satisfy the elements of an intentional misrepresentation claim.

Wells Fargo nevertheless insists that Yolanda's claim is "meritless" because she is seeking to hold it liable for fluctuations in the amount of special assessments against the Property. Wells Fargo appears to believe that because special assessments benefit Yolanda's Property, it is excused for failing to either accurately estimate her payment or, at least, warn Yolanda that special assessments might significantly increase her monthly payment. The Court is not persuaded at this stage in the litigation.

Wells Fargo defines its obligation and Yolanda's claim too narrowly. The FAC alleges Wells Fargo misrepresented the amount of her loan, despite its obligation to accurately estimate her monthly payment pursuant to the FHA's Conditional Closing Requirements ("CCRs"). According to the CCRs, Wells Fargo was to "VERIFY FINAL MONTHLY PAYMENT FOR SUBJECT PROPERTY DOES NOT EXCEED $725.24,

1  INCLUDING HOA FEES, ALL INSURANCES AND IMPROVED TAXES." (*FAC*,
2  ¶ 7.) Reading this language in favor of the plaintiff, nothing in the CCRs relieves Wells
3  Fargo of the obligation to account for special assessments. Although this language
4  specifically identifies HOA fees, insurances and improved taxes, there is no mention of
5  principal or interest, which Wells Fargo clearly had an obligation to include in the
6  estimation. Nor has Wells Fargos cited any authority that remotely supports the theory
7  that the CCRs did not require Wells Fargo to account for special assessments. In the
8  absence of such authority at this stage in the litigation, Wells Fargo's argument is
9  unavailing.

10  Nor is the Court remotely persuaded by Wells Fargo's reliance on the contention
11  that special assessments benefit the property. Indeed, more compelling is the FAC's
12  allegation that Wells Fargo failed to correct its initial calculation after she raised a
13  concern about it with Wells Fargo, and after she "stressed the importance of having her
14  monthly payment within the FHA guidelines." (*FAC*, ¶ 11.) A lender's willingness to
15  qualify an otherwise unqualified borrow for a loan in order to generate fees is not a novel
16  problem or theory. In this case, the FAC's allegations support just such a claim.

### C. The accounting claim is sufficiently pled.

19  Yolanda also asserts a claim for an accounting to determine the amount of money
20  she owes Wells Fargo. (*FAC* ¶¶ 37-38.) Under California law, a plaintiff may assert a
21  claim for accounting if a fiduciary relationship between the plaintiff and defendant exists,
22  or if "'the accounts are so complicated that an ordinary legal action demanding a fixed
23  sum is impracticable.'" <u>Wolf v. Super. Ct.</u>, 106 Cal. App. 4th 625, 34-35 (2003); <u>Civic
24  W. Corp. v. Zila Indus. Inc.</u>, 66 Cal. App. 3d 1, 14 (1977) (quoting 3 Witkin, Cal. Proc.
25  2d (1971) Plead, § 674, p. 2300-01).

26  Wells Fargo argues Yolanda's accounting claim must fail because Yolanda does not
27  allege that a fiduciary duty exists, or allege the accounts are so complicated that an
28  accounting is required. The Court disagrees.

While Yolanda's claim for accounting does not allege a fiduciary relationship exists between the parties, she does contend "the accounts are so complicated" that an accounting is needed. See Civic W. Corp., 66 Cal. App. 3d at 14. (*See FAC*, ¶¶ 37–38.) Yolanda is still making her monthly payments for the budgeted amount of $704.95, while Well Fargo still demands a higher payment. (*Id.*, ¶ 37.) Because Wells Fargo demands a higher payment, there appears to be a deficiency every month. Yolanda contends that she asked Wells Fargo for a statement explaining how funds are being allocated, but none has been provided and Wells Fargo has stopped sending her invoices. (*Id.*) In light of this lack of clarity and the existence of a discrepancy, Yolanda is unsure where Wells Fargo is allocating her payments and therefore, seeks an accounting. Under these facts, the Court finds Yolanda's FAC states a claim for accounting.

IV. CONCLUSION

In light of the foregoing, the Court **DENIES** Wells Fargo's motion to dismiss [Doc. 15] the FAC.

**IT IS SO ORDERED.**

DATED: October 11, 2013

_____
Hon. Thomas J. Whelan
United States District Judge